**Martin Muniz ACOSTA, Petitioner— Appellant,**

v.

**Gail LEWIS, Deputy Warden, Respondent—Appellee.**

No. 04–17017.

D.C. No. CV–01–04621–SBA.

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Lori A. Quick, Santa Clara, CA, for Petitioner–Appellant.

Ronald E. Niver, Deputy Atty. Gen., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

## MEMORANDUM**

California state prisoner Martin Muniz Acosta appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for threats to commit a crime resulting in death or great bodily injury, possession of a firearm by a felon, possession of ammunition by a felon and resisting a peace officer in the performance of his duties. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm in part, reverse in part, and remand with instructions to conditionally grant the writ of habeas corpus.

Muniz Acosta contends that California Jury Instructions Nos. 2.50.02 and 2.50.1, as given in his case, violate due process because they impermissibly lower the government's burden of proof by permitting conviction for domestic violence offenses under a preponderance of evidence standard. In light of our decision in *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004), we agree. We conclude that the California

Court of Appeal's decision affirming Muniz Acosta's conviction for threats to commit a crime resulting in death or great bodily injury was contrary to clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Gibson*, 387 F.3d at 822–25 (holding that a state court decision which found a nearly identical combination of jury instructions to be constitutional was contrary to *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)). We therefore reverse the district court's denial of habeas relief as to Count One and remand to the district court for the court to grant a conditional writ of habeas corpus instructing the State that it may either retry Muniz Acosta on Count One within an appropriate period to be determined by the district court, or release him from custody.

Because the constitutionally infirm jury instructions in this case pertain only to domestic violence offenses, the district court's denial of habeas relief for the convictions for Counts Two, Three and Four is affirmed.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.